## MARION SMITH ET AL. *v.* SEBASTIAN LEWIS.

[Abstract Kentucky Law Reporter, Vol. 5—427.]

**Deception by Party to a Suit.**

One who misleads his adversary in court by deception can not be allowed to profit by his own wrong, and where a plaintiff brings a defendant into court he will not be permitted to say, by misleading the defendant as to his intention, that such defendant shall not be heard.

APPEAL FROM HARDIN CIRCUIT COURT.

November 3, 1883.

OPINION BY JUDGE PRYOR:

We find no brief on file for the appellee, but the appellants' brief presents the question so plainly that there is but little difficulty in ascertaining the rights of these parties. There is no effort by the appellee to disturb the judgment or the order of confirmation, but his defense consists in showing why a writ of possession should not issue, or the deed be made to the appellants for the house and lot.

He is brought into court by the appellants on a notice to the effect that the case would be redocketed, and a deed asked to be made with a writ of possession, etc.   Now the appellee proposes to show in response to the notice that he has paid the debt, or has tendered the money to the appellants, who refused to receive it, or that he was misled and deceived by the appellants as to the sale.   The latter is really his defense, and upon the proof it is very evident that appellants impressed him with the idea that they would not abide by the judgment and by this means made the sale without his knowledge and when they must have known that he was under the impression that they were seeking a new trial.   They have obtained his property at one-sixth of its value, and this with slight circumstances would indicate a want of fair dealing on the part of appellants with reference to the property.   Suppose that appellee had actually paid the money to appellants after the confirmation of the sale, will it be insisted that, when notified that a writ of possession would be applied for, he would be denied the right to make a response to the notice showing that the writ ought not to go?   It may be that the writ could have been issued without notice, but when the appellant undertook to bring the party in by notice whether necessary or not, the appellee had the right to make his defense. This he has done and the chancellor declined to issue the writ, but required the appellee to pay to appellants the purchase-money and its interest.

This is the equitable solution of the case, and appellants after bringing appellee into court will not be permitted to say that he shall not be heard, nor do we know of any authority taking a contrary view of such a question.

Judgment *affirmed*.

*Wilson, Hobson & Sprigg, for appellants.*

*Montgomery & Poston, for appellee.*

